# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David J. Morgan and | ) | CHAPTER 13 |
| Tammy M. Morgan, | ) | |
| | ) | CASE NO. 14-60461 |
| Debtors. | ) | |

_____

| | | |
|---|---|---|
| David J. Morgan and | ) | |
| Tammy M. Morgan, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | **Motion to Hold Bank of the West** |
| v. | ) | **in Contempt** |
| | ) | |
| Bank of the West, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MEMORANDUM OPINION AND ORDER

The Debtors, David J. Morgan and Tammy M. Morgan (the "Debtors"), filed a Motion to Hold Bank of the West in Contempt for violating the automatic stay and co-debtor stay of 11 U.S.C. § 362 (the "Contempt Motion"). On January 13, 2016, the Court held an evidentiary hearing on the Contempt Motion, at which neither Bank of the West nor counsel for Bank of the West appeared. Following the hearing, on January 19, 2016, the Court entered a show cause order requiring Bank of the West to appear before the undersigned Judge of this Court in the United States Courthouse located in the United States Post Office and Courthouse Building, Main Street, Danville, Virginia, on March 9, 2016, at 11:00 a.m., and show cause, if there be any, why an order should not be made holding Bank of the West in contempt of this Court (the

"Show Cause Order"). At the March 9, 2016 hearing, Bank of the West again failed to appear before this Court.

## FACTUAL BACKGROUND

The Debtors filed a Chapter 13 petition on March 12, 2014. The Debtors' First Amended Chapter 13 Plan was confirmed by order entered July 31, 2014. Bank of the West filed a motion for relief from the automatic stay and co-debtor stay on August 6, 2014. On September 9, 2014, the Court entered a consent order granting Bank of the West relief from the automatic stay and co-debtor stay (the "Consent Order"), modifying the automatic stay of 11 U.S.C. § 362 to allow Bank of the West to enforce its rights under its security agreement to lawfully repossess and liquidate certain personal property described as "2007 Forest River Wildwood LA 4X4TWBD247M001605" (the "Trailer"). (Docket No. 64.) The Consent Order provided, *inter alia*, that relief is granted as to Susan Morgan, a non-filing co-debtor, from the automatic stay imposed by 11 U.S.C. § 1301(a) for the purpose of liquidating the above-mentioned collateral. The Consent Order further provided the following:

> Any amended unsecured claim for a deficiency (which claim must include documents proving that it has liquidated its collateral and applied the proceeds of sale in accordance with applicable state law) must be filed by the Movant within 180 days from the date on which the collateral is liquidated, or such claim against the bankruptcy estate shall be forever barred.
>
> Any resulting deficiency claim shall be paid through the Debtors' Chapter 13 Plan.

Consent Order, at 2.

According to the Contempt Motion, after liquidating the security for its debt, Bank of the West notified the Debtors of a deficiency. However, Bank of the West failed to file an amended proof of claim to account for any such deficiency in a timely manner. Proof of Claim No. 2-1 filed by Bank of the West on March 28, 2014, lists a secured claim of $12,228.55 for money

2

loaned to purchase the Trailer. No other proof of claim or amended proof of claim was filed by Bank of the West.

The Contempt Motion also states that Bank of the West "has repeatedly, directly and through its agent, States Recovery [Systems, Inc. ("States Recovery")], contacted [the] Debtors and Susan Morgan concerning payment of the deficiency." Additionally, the Contempt Motion states that on several occasions, counsel for Bank of the West was contacted and notified of the failure and refusal of Bank of the West and its agents to cease and desist from contacting the Debtors and Susan Morgan regarding the deficiency. Moreover, the Contempt Motion provides that Bank of the West "continues to contact and harass [the] Debtors and Susan Morgan."

At the January 13, 2016 evidentiary hearing, the male debtor, David J. Morgan ("Mr. Morgan"), testified that he previously owned the Trailer with a lien in favor of Bank of the West, and testified that the collateral was turned over to Bank of the West in the fall of 2014. In addition, Mr. Morgan testified that he received a letter from a representative of Bank of the West on February 22, 2015 claiming that, after the Trailer was liquidated, he and Susan Morgan had a balance due of $6,698.63 plus daily interest. Mr. Morgan also testified he received a call from the representative of Bank of the West in February 2015, as well as a call from a representative of States Recovery in February 2015, reminding the Debtors the alleged amount owed as a result of the deficiency. Mr. Morgan further testified that the last communication received from Bank of the West was on November 23, 2015. Following Mr. Morgan's testimony, the Court granted the motion for show cause order and issued the Show Cause Order on January 19, 2016.

At the March 9, 2016 hearing, only counsel for the Debtors appeared. No other party appeared or responded to the Show Cause Order, either in person or by counsel. Debtors'

counsel represented to the Court that after the deficiency notice was sent to Mr. Morgan and Susan Morgan, he contacted Douglas Rubin, counsel for Bank of the West on the motion for relief from stay, advising him that Bank of the West was continuing to make contact with Mr. Morgan and Susan Morgan. Counsel for the Debtors stated that he has incurred $1,350.00 in attorney time, at a rate of $350.00 an hour, in preparing and filing the Contempt Motion, appearing at both hearings on the Motion, and related matters as a result of the Contempt Motion. No time records were introduced to substantiate those fees, and no evidence was provided to show that the Debtors are actually responsible for those fees.

## **CONCLUSIONS OF LAW**

The Contempt Motion requests, in part, the following relief: "Movant prays that . . . the Court issue an order requiring Respondent to file and serve its answer to these allegations, and show cause, if any there be, why it should not be adjudged in civil contempt for failing and refusing to comply with Section 362 . . . ." Contempt Motion, at 2. Presumably, although never actually mentioned, the Debtors seek relief under 11 U.S.C. § 362(k)(1). Section 362(k)(1) provides with certain exceptions, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[1] 11 U.S.C. § 362(k)(1). A party seeking damages for violation of the automatic stay under Section 362(k)(1) must establish three elements: (i) that a violation occurred, (ii) that the violation was committed willfully, and (iii) that the violation caused actual damages. *See Skillforce, Inc. v. Hafer*, 509 B.R. 523, 529 (E.D. Va. 2014). A debtor must prove the willful violation of an automatic stay by clear and

---

[1] The gist of what the Debtors seek in the Contempt Motion in the way of remaining relief tracks this Bankruptcy Code section.

convincing evidence, and must prove damages by a preponderance of the evidence. *Id.*; *see also In re Sheets*, No. 12-31723-KLP, 2014 WL 4831339, at *3, 2014 Bankr. LEXIS 4198, at *7 (Bankr. E.D. Va. Sept. 29, 2014).

Following the enactment of Section 362(k), courts have determined that, to constitute a willful violation under Section 362(k), a creditor "need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *In re Thorne*, No. 08-80022, 2008 WL 2385991, at *1, 2008 Bankr. LEXIS 1806, *3 (Bankr. M.D.N.C. June 11, 2008) (citing *In re Strumpf*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 16 (1995)). "Many courts have held that an innocent stay violation can become willful if the creditor fails to remedy the violation after receiving notice of the stay." *Diviney v. NationsBank, N.A. (In re Diviney)*, 225 B.R. 762, 776 (B.A.P. 10th Cir. 1998) (citing *Taborski v. United States*, 141 B.R. 959, 966 (N.D. Ill. 1992); *STMIMA Corp. v. Carrigg (In re Carrigg)*, 216 B.R. 303, 304-05 (B.A.P. 1st Cir. 1998); *Abrams v. Southwest Leasing and Rental Inc. (In re Abrams)*, 127 B.R. 239, 241-44 (B.A.P. 9th Cir. 1991)).

In this case, the Court finds by clear and convincing evidence that Bank of the West violated the automatic stay of 11 U.S.C. § 362(a). Bank of the West sought to collect the deficiency balance after the 180-day expiration period in the Consent Order for filing an amended proof of claim reflecting the deficiency balance had expired. Additionally, this Court finds that Bank of the West's repeated contacts to both Mr. Morgan and Susan Morgan were willful. After repeated attempts by counsel for the Debtors to inform Bank of the West of the Bank's and its agent's violations of the automatic stay, Bank of the West failed to cease communications with Mr. Morgan and Susan Morgan. Bank of the West has been given ample opportunity to appear and be heard, and for whatever reason, has chosen not to do so.

However, the issue of damages is less persuasive. Mr. Morgan testified that he had not suffered any out of pocket losses as a result of Bank of the West's actions or as a result of having to appear in court, and he offered no other evidence of damages, including any evidence of lost income. The Court finds that evidence of damages was not proven by a preponderance of the evidence, and no such damages will be awarded. In addition, no evidence was adduced at trial that Mr. Morgan is actually responsible for any of the attorney's fees incurred by his counsel in this matter, such that those fees would be recoverable within the holding of *Skillforce*.[2] Thus, the Court finds damages and attorney's fees are not appropriate in this case under Section 362(k)(1) on the record before it.

Despite the failure of proof under Section 362(k)(1), there is an additional basis for relief—as the Court has the inherent authority to enforce its own orders.[3] Courts in the Fourth Circuit hold that Section 105(a) authorizes a bankruptcy court to hold a party in civil contempt for failing to comply with a previous order. *See In re Computer Dynamics, Inc.*, 253 B.R. 693, 698-99 (E.D. Va. 2000), *aff'd*, 10 F. App'x 141 (4th Cir. 2001); *In re Rountree*, 448 B.R. 389, 416-17 (Bankr. E.D. Va. 2011). The Consent Order provided that the stay would be lifted as to Susan Morgan "for the purpose of liquidating the . . . collateral." The Consent Order further provided the following:

> Any amended unsecured claim for a deficiency (which claim must include documents providing that it has liquidated its collateral and applied the proceeds of sale in accordance with applicable state law) must be filed by the Movant within 180 days from the date on which the collateral is liquidated, or such claim against the bankruptcy estate shall forever be barred.
>
> Any resulting deficiency claim shall be paid through the Debtors' Chapter 13 Plan.

---

[2] The Court also notes that counsel's fee disclosure reflects his hourly rate to be $300.00 an hour, not $350.00.
[3] Further, a federal court "is not constrained by the pleader's request for relief." *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981).

The Consent Order is not a model of clarity, as it makes clear that a "claim against the bankruptcy estate shall forever be barred," but does not say that a claim against Susan Morgan shall ever be barred. However, the Consent Order does state that any resulting deficiency claim "shall" be paid through the Debtors' Chapter 13 Plan. Implicit in this provision is the intention of the parties that payment on any deficiency—be it owed by Mr. Morgan or Susan Morgan—should be confined to payment of a timely filed claim pursuant to the terms of the Consent Order. Neither Bank of the West nor its counsel who submitted the Consent Order have appeared or argued otherwise.

The Court finds the actions of Bank of the West are in violation of the Consent Order, and Bank of the West shall be sanctioned $500.00 for willful violation of the Consent Order, which sum shall be paid to David J. Morgan and Susan Morgan in the amount of $250.00 each. Further, counsel for the Debtors shall be awarded $500.00 in attorney's fees from Bank of the West as reasonable and necessary in enforcing the terms of the Consent Order.[4]

Accordingly, it is therefore **ORDERED** that Bank of the West is held in contempt of this Court's Consent Order entered September 9, 2014. It is **FURTHER ORDERED** that Bank of the West shall pay to David J. Morgan and Susan Morgan $250.00 each in connection with the Court's finding of contempt, plus $500.00 in attorney's fees to be paid to Stephen G. Bass. It is **FURTHER ORDERED** that the aforementioned sums shall be paid by Bank of the West no later than sixty (60) days after the entry of this Memorandum Opinion and Order. Any further violations of the Consent Order, or any other Order of this Court, including this Order, will result

---

[4] "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Rountree*, 448 B.R. at 417.

in such additional sanctions as the Court deems appropriate, after notice and opportunity for hearing.

The Clerk is directed to send copies of this Order to the Debtors; counsel for the Debtors; Susan Morgan, 241 Old Shoppe Road, Dry Fork, VA 24549; the Chapter 13 Trustee; Douglas S. Rubin, Esq., Samuel I. White, P.C., 1804 Staples Mill Road, Suite 200, Richmond, VA 23230; Bank of the West, 2527 Camino Ramon, San Ramon, CA 94583; and to States Recovery Systems, Inc., 2491 Sunrise Blvd, Rancho Cordova, CA 95670.

**ENTER this 25th  day of March, 2016.**

_____
UNITED STATES BANKRUPTCY JUDGE